# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-30620

_____

United States Court of Appeals
Fifth Circuit

**FILED**
April 30, 2024

Lyle W. Cayce
Clerk

Ronald Kent,

*Plaintiff—Appellant*,

*versus*

Southern Towing Company, L.L.C.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-26

_____

Before Jones, Clement, and Wilson, *Circuit Judges*.

Per Curiam:[*]

In March 2019, Plaintiff–Appellant Ronald Kent was a deckhand on the M/V FRANK HOLLOMAN, a tow boat operated by Defendant–Appellee Southern Towing Company, L.L.C. Kent injured his back while helping Chris Haggins, the vessel's first mate, carry a 120-pound diesel pump from the deck of an empty barge in the vessel's tow to the deck of the vessel

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

itself. In briefing, Kent claimed that, while transferring the pump from the barge to the vessel, the two men placed the pump on the handrail of the vessel's catwalk. As the pump rested on the handrail, Haggins removed his hands from the pump to reposition himself, which caused the weight of the pump to shift to Kent's end, resulting in his injury.

Kent sued Southern Towing for unseaworthiness and Jones Act negligence, alleging that "[t]here existed insufficient manpower . . . to enable [the vessel's] crew to move this pump, with reasonable safety." *See Waldron v. Moore-McCormack Lines, Inc.*, 386 U.S. 724, 724, 87 S. Ct. 1410, 1410 (1967) (holding that a vessel "is unseaworthy when its officers assign too few crewmen to perform a particular task in a safe and prudent manner"); *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335 (5th Cir. 1997) (en banc) ("A seaman is entitled to recovery under the Jones Act . . . if his employer's negligence is the cause, in whole or in part, of his injury."). The district court granted summary judgment in favor of Southern Towing after concluding that the undisputed evidence showed that two men were sufficient to move the pump.

The district court did not err by granting summary judgment. The summary judgment evidence—including Kent's own deposition testimony—establishes that two people could safely move the pump in question. Indeed, on appeal Kent admits, contrary to his complaint, that two men were, in general, sufficient to perform the task of moving the pump. He argues only that two men were insufficient to perform the particular task of placing the pump on the handrail for repositioning. Kent cites no case supporting his argument that his claims should be analyzed at such a granular level; nor, in any event, does he have proof that two men were insufficient to perform the particular task of resting the pump on the handrail of the catwalk, or that Haggins caused the pump to shift when he removed his hands to

No. 23-30620

reposition himself. Kent thus failed to put forth evidence that Southern Towing breached a duty of care or that the vessel was unseaworthy.

The judgment of the district court is AFFIRMED.